UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHAWN QUENTIN TOOKES,**

      **Plaintiff,**

v.                                                                     Case No: 6:21-cv-1159-DCI

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for supplemental security income. In a decision dated December 2, 2020, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from June 27, 2019, the date the claim was filed, through the date of the decision. R. 21–22.

Having considered the parties' joint memorandum and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

    **I.**    **Issues on Appeal**

Claimant makes the following arguments on appeal:

1) The ALJ did not properly consider and thereafter incorporate Dr. Buffone's limitations into the RFC.

2) The ALJ did not properly incorporate Claimant's mental limitations in the RFC.

3) The ALJ did not properly consider Ms. Brachman's opinion.

## II. Standard of Review

As the Eleventh Circuit has stated:

In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

Here, Claimant argues that the ALJ failed to properly consider and incorporate the opinion of Dr. Buffone. The Court agrees—thus, there is no need here to address Claimant's remaining arguments. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r*

*of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[1]  The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017.  *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Because Claimant filed her claim after March 22, 2017,[2] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case.  Under these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medial findings, rather than affording specific evidentiary weight to any particular provider's opinions.  20 C.F.R. §§ 404.1520c(a); 416.920c(a).  The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[3] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding."  20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

---

[1] Here, in assessing the Claimant's RFC, the ALJ stated:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can frequently lift and/or carry ten pounds and occasionally twenty pounds. He can stand and/or walk for six hours in an eight-hour workday. He can sit for six hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs. He should not climb ladders exceeding six feet, ropes or scaffolds. The claimant can only occasionally have direct contact with public and with coworkers and can perform simple, unskilled work.

R. 17.

[2] Claimant filed his claim on June 27, 2019.  R. 13.

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extend of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[4] In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

The ALJ stated the following with respect to Dr. Buffone's opinion:

> The State agency psychological consultants, James Levasseur Ph.D., on March 28, 2018, Janet Anguas Ph.D., on February 5, 2020, and Gary W. Buffone Ph.D., all concluded that the claimant had a moderate limitation in the four areas of mental functioning. The undersigned finds the opinions mostly persuasive (Exhibits 3A, 6A and 9A).

---

[4] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

R. 19.

Though the ALJ found Dr. Buffone's opinion "mostly persuasive," the ALJ did not incorporate all of Dr. Buffone's opined limitations into the RFC; specifically, the ALJ did not consider or incorporate Dr. Buffone's opined limitation that Claimant was "capable of carrying out simple instructions and tasks in a supportive work setting."[5]  R. 101.  While the ALJ was not required to *adopt* all of Dr. Buffone's opinion, 20 CFR § 416.913a(b)(1), the ALJ was required to *consider* the supportability and consistency of Dr. Buffone's opinion, 20 CFR § 416.920c(b)(2); *see Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020).  The ALJ's decision is devoid of any discussion of the supportability and consistency of Dr. Buffone's opinion[6]—or, indeed, of the other State psychology consultants—so the Court is frustrated in reviewing whether the ALJ's consideration of this opinion was proper.[7]

Accordingly, the Court is foreclosed from meaningfully reviewing the ALJ's consideration of Dr. Buffone's opinion.  Moreover, as the ALJ did not fully incorporate Dr. Buffone's opinion the Court cannot say that the ALJ's lack of explicit consideration was harmless.  As a panel of the

---

[5] The Commissioner contends that "supportive work environment" is too nebulous to translate into relevant work limitations.  Doc. 27 at 17.  Even assuming that this is true, the Court is not persuaded that this would excuse the ALJ's failure to consider the required factors of supportability and consistency.  20 CFR § 416.920c(b)(2).

[6] Indeed, it appears that the Commissioner concedes (by failing to argue otherwise) that the ALJ did not explicitly consider the supportability and consistency of Dr. Buffone's opinion in the decision.

[7] The Commissioner's post-hoc justifications for the ALJ's failure to discuss the supportability and consistency of Dr. Buffone's opinion are unpersuasive.  Doc. 27 at 18; *see Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that might have supported the ALJ's conclusion.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) and *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)) (quotation omitted).

Eleventh Circuit recently explained, "We stress, however, that the ALJ must consider all the claimed expert, medical opinions in the record and must specify the weight—including no weight, if applicable—given to each purported medical opinion *and the reasons therefor*." *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020) (citations omitted) (emphasis added). As such, the Court "cannot say that the failure to address [this opinion] was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006); *see also, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to [Claimant's] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless.").

Accordingly, the Court finds that this matter is to be remanded for further proceedings. Since this issue is dispositive, the Court finds that there is no need to address Claimant's remaining argument. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

### IV.  Conclusion

Accordingly, upon due consideration, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

- 7 -

**ORDERED** in Orlando, Florida on May 25, 2022.

                                      DANIEL C. IRICK
                                      UNITED STATES MAGISTRATE JUDGE